UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ANN LEE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. CV 17-5616 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On July 28, 2017, plaintiff Carol Ann Lee filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 3, 2017 Case Management Order ¶ 5.

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 9, 2014, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on October 4, 2013, due to arthritis (in her neck, back, hips, legs and hands), a bulging disc in her back and neck, her inability to lift, sit, bend, or stand for any period of time, ulcerative colitis, and high cholesterol. (Administrative Record ("AR") 19, 160, 176). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and vocational and medical experts on February 9, 2016. (AR 35-59).

On May 11, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 19-29). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, and torn meniscus of the left knee/status post meniscectomy (AR 22); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)), except plaintiff could not reach overhead bilaterally, and could only perform postural activities occasionally (AR 23); (4) plaintiff was capable of performing past relevant work as a fast food supervisor (AR 28-29); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 24).

On June 16, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by

substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806

F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

IV. **DISCUSSION**

A. **The ALJ Properly Evaluated the Severity of Plaintiff's Impairments**

Plaintiff contends that the ALJ failed properly to account for all of plaintiff's severe impairments at step two. (Plaintiff's Motion at 2-3). For the reasons discussed below, plaintiff has not shown that a reversal or remand is required on this basis.

1. **Pertinent Law**

At step two of the sequential evaluation process, claimants have the burden to present evidence of "signs, symptoms, and laboratory findings"[1] which establish a medically determinable physical or mental impairment that is severe and, at least, has lasted or can be expected to last for a continuous period of twelve months or more. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1508, 404.1509, 404.1520(a)(4)(ii); see also Bowen v. Yuckert, 482 U.S. 137, 148 (1987) (Secretary may deny Social Security disability benefits at step two if claimant does not present evidence of a "medically severe impairment"); Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, *2 (substantial evidence supports ALJ's determination that a claimant is not disabled at step two where

---

[1] Medical "[s]igns are anatomical, physiological, or psychological abnormalities which can be . . . shown by medically acceptable clinical diagnostic techniques." 20 C.F.R. § 404.1528(b). "Laboratory findings" include "anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques." 20 C.F.R. § 404.1528(c) (2006). "Symptoms" are a claimant's "own description of [a] physical or mental impairment." 20 C.F.R. § 404.1528(a).

5

"there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment").

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is found "not severe" at step two only when the medical evidence establishes only a "slight abnormality" that has "no more than a minimal effect" on a claimant's "physical or mental ability to do basic work activities."[2] 20 C.F.R. § 404.1521(a); Bowen, 482 U.S. at 153-54 & n.11 (Social Security claimants must make "*de minimis*" showing that impairment interferes with ability to engage in basic work activities) (citations omitted; emphasis in original); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (citations and internal quotation marks omitted); SSR 85-28, 1985 WL 56856, *3.

When reviewing an ALJ's findings at step two, the district court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." Webb, 433 F.3d at 687 (citing Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

///
///

---

[2]"Basic work activities" are "the abilities and aptitudes necessary to do most jobs" including "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [¶] (2) Capacities for seeing, hearing, and speaking; [¶] (3) Understanding, carrying out, and remembering simple instructions; [¶] (4) Use of judgment; [¶] (5) Responding appropriately to supervision, co-workers and usual work situations; and [¶] (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see Bowen, 482 U.S. at 141 (same) (citations omitted).

**2. Analysis**

Here, plaintiff contends that reversal or remand is warranted because the ALJ failed to find plaintiff's carpal tunnel syndrome as a severe impairment at step two and "fail[ed] to include any manipulative limitations in the residual functional capacity assessment." (Plaintiff's Motion at 2-3). The Court disagrees.

Contrary to plaintiff's claim otherwise, substantial medical evidence in the record supports the ALJ's implicit determination at step two that plaintiff's carpal tunnel syndrome was not a severe impairment. Plaintiff notes that she has been diagnosed with bilateral carpal tunnel syndrome, "with associated decreased sensation in several fingers of both hands[]" (AR 833, 875) and that on numerous occasions she was found to have positive Tinel's and Phalen's signs bilaterally on physical examination of her hands (AR 1008, 1013, 1019, 1024, 1034). (Plaintiff's Motion at 2-3). Nonetheless, plaintiff has not shown – nor do the medical records plaintiff cites reasonably reflect – that the mere diagnosis of carpal tunnel syndrome with positive findings on objective medical testing reflects any more than a "slight abnormality" that has "a minimal effect" on plaintiff's ability to work.

Plaintiff also observes that "[d]uring an August 5, 2014 internal medicine consultive examination, Plaintiff was noted to have diminished grip strength in her left hand." (Plaintiff's Motion at 3) (citing AR 762). The report plaintiff cites, however, simply made the unremarkable finding that plaintiff – who is right handed (AR 41) – had a weaker grip in her left hand *relative to* her right (*i.e.*, "the [plaintiff] is able to generate 55 pounds of force using the right hand, and 40 pounds of force using the left hand") (AR 762). Moreover, as the ALJ noted, the same report expressly stated that plaintiff's "[g]rip strength of the hands" was "5/5 bilaterally," and that plaintiff's muscle strength was "intact[.]" (AR 26, 764).

Plaintiff also asserts that "[a] September 17, 2014 nerve conduction study of Plaintiff's upper extremities revealed 'bilateral median neuropathy at the wrists,

7

with the left greater than the right[]'" (Plaintiff's Motion at 3) (citing AR 858). Again, however, plaintiff does not explain, nor does plaintiff point to anything in the record that persuasively shows how such results of the nerve conduction study makes even the "*de minimis*" showing that plaintiff's carpal tunnel syndrome impairment interfered with plaintiff's ability to engage in basic work activities. While plaintiff contends generally that "the totality of the medical evidence demonstrates that plaintiff's carpel tunnel syndrome would have more than a minimal effect on her ability to do basic work activities[]" (Plaintiff's Motion at 2), the Court will not second guess the ALJ's reasonable determination to the contrary. See Trevizo, 871 F.3d at 674-75 (citations omitted).

To the extent the ALJ arguably erred by not providing an explanation for excluding plaintiff's carpel tunnel syndrome diagnosis as a severe impairment at step two, plaintiff points to nothing in the record which plausibly suggests that her carpel tunnel syndrome caused any functional limitation not already accounted for in the ALJ's residual functional capacity assessment for plaintiff. Hence, plaintiff has not satisfied her burden to show that any such error ultimately was harmful. Cf., e.g., Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to list impairment at step two harmless error where ALJ accounted for any impairment-related limitations at step four); Lowery v. Colvin, 2014 WL 183892, *4 (D. Or. Jan. 14, 2014) ("In the Ninth Circuit, excluding a diagnosis from the list of severe impairments at step two is significant only if the impairment caused additional functional limitations not accounted for in the RFC assessment.") (citing id.); see generally 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.").

Accordingly, a remand or reversal on this basis is not warranted.
///

**B. The ALJ Properly Evaluated the Opinions of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ failed properly to consider the opinions of plaintiff's treating physician, Dr. Scott Goldman. (Plaintiff's Motion at 3-6). For the reasons discussed below, plaintiff has not shown that a reversal or remand is required on this basis.

**1. Pertinent Law**

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion,

an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

### 2. Analysis

Here, in a Medical Opinion Re: Ability to do Work-Related Activities (Physical) dated June 14, 2015, Dr. Goldman essentially opined that plaintiff's impairments and related limitations would prevent plaintiff from performing even sedentary work (collectively "Dr. Goldman's Opinions"). (AR 818-20). Plaintiff contends that a reversal or remand is required because the ALJ failed properly to consider Dr. Goldman's Opinions. (Plaintiff's Motion at 3-6). The Court disagrees.

First, the ALJ properly rejected Dr. Goldman's Opinions because, as the ALJ noted (AR 27-28), the physician's own treatment notes and progress reports did not in any way support the extreme functional limitations Dr. Goldman found

for plaintiff. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]"); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). For example, when asked to provide the "medical findings [which] support the limitations" he described, Dr. Goldman simply listed each of plaintiff's diagnoses, rather than the results of any objective medical testing. (AR 819). Moreover, as the ALJ explained, on the whole, Dr. Goldman's treatment notes (which contain significant duplication in the record) "show[] generally unremarkable examinations and minimal or moderate objective findings." (AR 28; see AR 824-29, 865-77, 885-88, 980-1052, 1125-29, 1131-35, 1141-45, 1153-60, 1168-72, 1190-95, 1199-1206, 1349-53, 1359-63, 1388-98, 1402-18). To the extent plaintiff asserts that Dr. Goldman's Opinions "[are] entirely consistent with the totality of Plaintiff's record" (Plaintiff's Motion at 5), this Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Trevizo, 871 F.3d at 674-75 (citations omitted).

     Second, the ALJ properly discounted Dr. Goldman's Opinions to the extent they were based on plaintiff's subjective complaints (AR 27-28) (citing Exhibit 13F at 32-33 [AR 852-53]; compare AR 818-19) which, as noted above, the ALJ found not entirely consistent with the medical evidence and other evidence in the record (AR 24). See, e.g., Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount medical opinion based "to a large extent" on a claimant's "self-reports" that the ALJ found "not credible") (internal quotation marks and citations omitted).
///

Finally, the ALJ properly rejected Dr. Goldman's Opinions in favor of the conflicting opinions of the state agency examining physician, Dr. Azizollah Karamlou, who essentially found that plaintiff was able to perform work at the light exertion level with several additional limitations the ALJ essentially incorporated into her residual functional capacity assessment to the extent the limitations were supported by the evidence. (AR 27) (citing Exhibit 9F [AR 761-66]). The ALJ also properly relied on the testifying medical expert, Dr. Robert B. Sklaroff, who essentially opined that plaintiff retained a much less restrictive residual functional capacity assessment than the ALJ's. (AR 28; see AR 38-41 (medical expert testimony citing, in part, Exhibit 6F [AR 727-47]). The opinions of Dr. Karamlou were supported by the physician's independent examination of plaintiff (AR 762-64), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Goldman's Opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted). Dr. Sklaroff's testimony also constituted substantial evidence supporting the ALJ's decision since it was supported by and consistent with the other medical evidence in the record including Dr. Karamlou's opinions and underlying independent examination. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 598, 600 (9th Cir. 1999) (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Accordingly, a remand or reversal on this basis is not warranted.

///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 30, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE